# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| TROY A. SKIPWORTH | } | CASE NO. 09-83982-JAC-7 |
| SSN: XXX-XX-1848 | } | |
| | } | |
| | } | CHAPTER 7 |
| Debtor(s). | } | |
| | } | |
| TROY A. SKIPWORTH | } | AP NO. 09-80149-JAC-7 |
| | } | |
| Plaintiff(s), | } | |
| v. | } | |
| | } | |
| CITIBANK STUDENT LOAN | } | |
| CORPORATION | } | |
| | } | |
| Defendant(s). | } | |

## MEMORANDUM OPINION

This case is before the Court on debtor's motion for default judgment. The debtor

asserts that he has served the complaint and summons by certified mail on Citibank Student

Loan Corporation, that the answer was due by February 5, 2010, and that no answer has been

filed. Accordingly, the debtor seeks entry of default judgment. However, a "defendant's

failure to respond 'does not automatically entitle a plaintiff to entry of default judgment.'

The court's entry of a judgment by default itself is discretionary. It may be denied when the

facts are insufficient to support the claim in the complaint." *See In re Redmond*, 399 B.R.

628 (Bankr. N.D. Ind. 2008)(citations omitted). Accordingly, this Court must also examine

the facts of this case to determine whether same support the debtor's complaint against

Citibank.

On December 30, 2009, plaintiff filed the above styled complaint objecting to the dischargeability of a debt owed to Citibank Student Loan Corporation in the amount of $9,475.00 pursuant to 11 U.S.C. § 533(a)(8) on the grounds that the obligation is not insured by the government and same is not an educational loan as defined in 26 U.S.C. § 221(d)(1) of the Internal Revenue Code.

BAPCPA amended § 523(a)(8) of the Bankruptcy Code to make student loans nondischargeable, in the absence of undue hardship, regardless of the nature of the lender, thus covering loans from both non-governmental and private lenders.    Section 523(a)(8) now reads as follows:

> **(a)  A discharge under section 727 . . . does not discharge an individual debtor from any debt--**
>
> **\* \* \* \***
>
> **(8)    unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for --**
>
> **(A)    (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or**
>
> **(ii)   an obligation to repay funds received as an educational benefit, scholarship, or stipend; or**
>
> **(B) any other educational loan that is a qualified educational loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]**

2

In support of his motion for default judgment, debtor submitted two affidavits to establish the elements of his cause of action. The debtor asserts that the loan obligation is not a student loan for purposes of § 523(a)(8) because (1) the loan is not insured or guaranteed by the government; and (2) he has never received a Form 1099 or annual interest statement from Citibank Student Loan Corporation for the debt in question. Alternatively, the debtor asserts that if the debt is determined to be a student loan, repayment of same would impose an undue hardship on the debtor because the debtor does not have any disposable income as reflected in his schedules and the debtor has incurred additional medical expenses in the amount of $13,000.00 since the filing of his petition.

The Court finds that the debtor has failed to establish that this debt is not a student loan for purposes of § 523(a)(8). While the debt is not a government insured student loan under § 523(a)(8)(A)(i), nor an educational loan that is a qualified educational loan as defined in 26 U.S.C. § 221(d)(1) for purposes of § 523(a)(8)(B), subsection (a)(8)(ii) excepts from discharge, in the absence of undue hardship, debts "to repay funds received as an educational benefit, scholarship, or stipend[.]" The affidavits submitted by the debtor in support of his motion for default judgment fail to establish that the loan obligation to Citibank Student Loan Corporation is not an obligation to repay funds received as an "educational benefit." The debtor admits that the loan was incurred for the purpose of paying for his Alabama State bar review course. The Citibank Disclosure Statement attached to the debtor's motion reflects that the bar study loan was given to the debtor while he was enrolled as a third year law student at the University of Alabama. Moreover, the

3

debtor listed the loan to Citibank on Schedule F of his petition as a "student loan."  The Court

thus finds that the debtor's obligation to Citibank is clearly "an obligation to repay funds

received as an educational benefit" for purposes of § 523(a)(8)(A)(ii) in that Citibank loaned

funds to the debtor to assist the debtor with his educational expenses i.e. the debtor's bar

review course. *See In re Baiocchi*, 389 B.R. 828 (E.D. Wis. Bankr. 2008)(finding "Congress'

decision to create a new section set off from § 523(a)(8)(i) . . . must be read as encompassing

a broader range of educational benefit obligations . . . ").

Having determined that the debtor's obligation to Citibank is a student loan for

purposes of § 523(a)(8), it is incumbent upon the debtor to prove by a preponderance of the

evidence:

> (1) that the debtor cannot maintain, based on current income and expenses, a
> "minimal" standard of living for [himself] and [his] dependents if forced to
> repay the loans; (2) that additional circumstances exist indicating that this state
> of affairs is likely to persist for a significant portion of the repayment period
> of the student loans; and (3) that the debtor has made good faith efforts to
> repay the loans.[1]

The affidavits submitted by the debtor in support of his undue hardship argument fail

to establish the elements of the test adopted by the Eleventh Circuit for determining undue

hardship.  The debtor simply asserts that he does not have any disposable income according

to his Chapter 7 schedules and that he has incurred additional medical expenses since the

filing of his Chapter 7 petition.  There has been no showing that the debtor has made a good

faith effort to repay his student loan; that the debtor cannot maintain a minimal standard of

---

[1]    *In re Mosley*, 494 F.3d 1320 (11th Cir. 2007)(citing the *Brunner* factors for determining
undue hardship).

4

living if forced to repay the student loan after receiving his Chapter 7 discharge; nor that the debtor's circumstances are likely to persist for a significant portion of the 20 year repayment period provided for by the loan document. The Court notes from the debtor's schedules that the debtor is a practicing attorney, employed by the firm of Harris & Skipworth for the past three years, and that the debtor's wife is also employed as a dance instructor. The Court further takes judicial notice that the debtor's combined average monthly income of $2,750.00 is well above the poverty line of $1,821.25 for a family of two. Further there has been no showing that the debtor's income is not likely to increase as the debtor continues to practice law.

Based upon the foregoing, the Court finds that the debtor's motion for default judgment is due to be denied and this adversary proceeding dismissed. The Court will enter a separate order in conformity with the findings of fact and conclusions of law stated herein.

**DONE and ORDERED** this date: April 1, 2010.

/s/   Jack Caddell
Jack Caddell
United States Bankruptcy Judge

JAC/mhb
xc:     Debtor(s)
         Michelle Hatcher, attorney for plaintiff(s)
         defendant
         trustee

5